The plaintiff was a creditor of David Davis, deceased, and he has brought this action of assumpsit against the defendant, charging him as executor de son tort of the said Davis. Plea: Ne unques executor. The case states that before the time the slaves (which were assets of David Davis' estate) came to the possession of Storey, the defendant, there had been a legal administrator of David Davis appointed. There is nothing in the case to show why the legal administrator could not in his action have recovered the slaves of Storey. There never was any conveyance or alienation of them by David Davis to any other person, either good or fraudulent as to his creditors. The law seems to be settled that when the will is proved, or administration is granted, and another person then intermeddles with the goods, this shall not make him executor de son tort by construction of law, because there is another representative of right against whom creditors can bring their actions; and *Page 68 
such a wrongful intermeddler is liable to be sued as a trespasser. Williams on Exrs., 139. If the defendant had intermeddled with the assetsbefore the appointment of the legal administrator the plaintiff might have then sued him as executor de son tort, notwithstanding there had been at the date of his writ a legal administrator. Kellorn v. Westcombe, Freeman, 122; Williams on Exrs., 139. But here the intermeddling by the defendant with the assets was after the appointment of the legal administrator; therefore the plaintiff had no right to charge (86) Storey in an action as executor of his own wrong. There is nothing in the case to show that David Davis ever made any conveyance of the slaves to Joseph Davis for the purpose of defrauding his creditors, or for any other purpose. The charge of the judge to the jury was upon a supposed state of facts which did not exist. We think there must be a new trial.
PER CURIAM. Judgment reversed.